**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REID HORN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 07-1220** |
| | : | |
| **U.S. DEPARTMENT OF JUSTICE** | : | |
| **DRUG ENFORCEMENT** | : | |
| **ADMINISTRATION** | : | |

## MEMORANDUM AND ORDER

**Kauffman, J.**                                                    **September   19,  2007**

Plaintiff Reid Horn ("Plaintiff") brings this action in equity against Defendant United States Department of Justice, Drug Enforcement Administration ("the Government" or "DEA"), alleging that the Government wrongfully deprived him of property in connection with a criminal arrest and investigation that did not result in an indictment. He seeks restitution in an amount equal to the value of his property that was seized and forfeited administratively. Now before the Court is the Government's uncontested Motion for Summary Judgment ("Motion"). For the reasons that follow, the Government's Motion will be granted.

## I. BACKGROUND

Plaintiff was arrested on April 11, 2001, based on charges of distribution of narcotics in violation of 21 U.S.C. § 841. See Motion at 1-2; United States v. Horn, No. 01-305-M, Memorandum and Order at 1 (E.D. Pa. July 7, 2003) (Hart, J.) ("Horn I"), attached to Motion at Exh. A. On the same day as the arrest, the Government seized three vehicles belonging to Plaintiff, a Porsche Carrera, a Nissan Maxima, and a BMW M3. See Declaration of John Hieronymus ("Hieronymus Dec.") at ¶¶ 6(a), 7(a), 8(a), attached to Motion at Exh. B. They also seized cash in the amounts of $7,394 and $88,747 (for a total of $96,141). Id. at ¶¶ 4(a), 5(a). The criminal case against Plaintiff arising from the arrest was dismissed after the Government

decided not to prosecute.  See Motion at 2.

The present dispute, as well as two prior actions also filed in this district, arise from events following the dismissal.  On May 16, 2001, the Government mailed notice of the seizure of all Plaintiff's property except the BMW to both Plaintiff and his counsel, the same attorney representing him in the instant action.  See Hieronymus Dec. at ¶¶ 4(b)-(e), 5(b)-(d), 6(b)-(d), 7(b)-(d).  Notice of the BMW seizure was mailed on October 31, 2001.  Id. at ¶¶ 8(b)-(d).  The Government also published notice of the seizures in The Wall Street Journal once a week for three weeks on May 29, June 4, and June 11, 2001 (with respect to all property except the BMW) and on November 12, 19, and 26, 2001 (with respect to the BMW).  Id. at ¶¶ 4(g), 5(f), 6(f), 7(f), 8(f).  Plaintiff's counsel acknowledged receipt of the letters by responding to the Government.  Id. at ¶¶ 4(f), (h); 5(e), (h); 6(e), (g); 7(e), (g); 8(g), (h).  The Government sent Plaintiff's counsel a letter with instructions regarding the options Plaintiff could choose, both administrative and judicial, in order to regain possession of the forfeited assets addressed in the May 16, 2001 notice.  See Hieronymus Dec. at Exh. 11 (explaining the administrative remedy of request for remission of the forfeiture and the judicial remedy of contesting the forfeiture in federal court, each prompted by filing a claim with the Government within twenty days or thirty days, respectively).  The specified time periods expired before Plaintiff submitted any claims; accordingly, the Government declared the assets administratively forfeited.  See Hieronymus Decl. at ¶¶ 4(j) ($7,394), 5(h) ($88,747), 6(h) (Porsche), 7(h) (Nissan), 8(j) (BMW).

Plaintiff chose not to take either course of action described in the notice of forfeiture. Instead, he filed a Motion for the Remission of Forfeiture on June 19, 2003, seeking return of the $96,141, the Nisson Maxima, and the Porsche.  See Horn I at 1; "Motion for Remission of

2

Forfeiture Pursuant to Federal Rule of Civil Procedure 32.2," attached to Motion as Exh. C.[1]
Magistrate Judge Hart denied the Motion for Remission because it did not allege improper
notice, the only issue that the federal courts have jurisdiction to review in an administrative
forfeiture proceeding.  Horn I at 2-3.  Magistrate Judge Hart invited Plaintiff to file a proper
motion with the Court if his allegations involved the adequacy of the notice of forfeiture, see id.
at 3, but he never did.

Five months later, on November 26, 2003, Plaintiff brought a civil action against the
Government for constitutional violations resulting from the allegedly improper seizures.  See
Reid Horn v. United States, No. 03-CV-6547 (E.D. Pa. filed Nov. 26, 2003), attached to Motion
at Exh. D.  He sought damages based on the seizure of the $96,141, the Nissan Maxima, the
Porsche, and the BMW.  See id.  As in Horn I, he failed to support his initial filing with any
additional submissions to the court.  When he failed to respond to the Government's Motion to
Dismiss, the Court granted the Motion to Dismiss as uncontested pursuant to Local Rule of Civil
Procedure 7.1(c) and dismissed the case.  See Reid Horn, No. 03-CV-6547, Order (E.D. Pa. Feb.
25, 2004) (Padova, J.) ("Horn II"), attached to Motion at Exh. F.

The present claim, an action in equity, was filed on February 27, 2007.  The basis for
Plaintiff's request for relief is the allegation that the Government "made an arbitrary decision to
re-characterize the Criminal Forfeiture as a Civil Forfeiture."  Compl. at ¶ 10 (emphasis in
original).  He asserts that this decision was "arbitrary and capricious, an abuse of discretion, and
otherwise not in accordance with the laws of the United States concerning Executive Agency
Decisions," and was intended to "maintain possession of the property and create an additional

---

[1]        Plaintiff's Motion for Remission did not address the BMW.

and undue procedural hurdle for the Plaintiff." <u>Id.</u> at ¶¶ 11-12.  Plaintiff seeks restitution for the $96,141, the Nissan, the Porsche, and the BMW.  On May 22, 2007, the Government filed the instant Motion.  Plaintiff has not filed a response.

## II. LEGAL STANDARD

When a party fails to respond to a properly filed motion, the Court may treat the motion as uncontested.  <u>See</u> E.D. Pa. Local R. Civ. P. 7.1(c).  Unlike other motions, however, the Court may not grant an uncontested summary judgment motion without an independent determination that the movant is entitled to judgment under Federal Rule of Civil Procedure 56.  <u>Id.</u>  By failing to respond, however, "the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion."  <u>Reynolds v. Rick's Mushroom Serv.</u>, 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003), <u>quoted in</u> Vaira, <u>E.D. Pa. Federal Practice Rules</u>, Comment on Rule 7.1 (Gann).

In deciding a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law."  <u>Med. Protective Co. v. Watkins</u>, 198 F.3d 100, 103 (3d Cir. 1999) (quoting <u>Armbruster v. Unisys Corp.</u>, 32 F.3d 768, 777 (3d Cir. 1994)).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete

failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion. See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." Id.

**III. ANALYSIS**

In its Motion, the Government argues that summary judgment is appropriate on three grounds: (1) the Court does not have subject matter jurisdiction over Plaintiff's claims; (2) Plaintiff's claims are precluded by the prior decisions in Horn I and Horn II; and (3) there is no equitable claim available to Plaintiff. As Magistrate Judge Hart correctly noted in Horn I, the subject matter jurisdiction of federal courts to review administrative forfeiture proceedings is limited to a determination of whether the property claimant received adequate notice of the administrative forfeiture proceedings. Horn I at 2 (citing United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000); 18 U.S.C. § 983(e)(5); Longenette v. Krusing, 322 F.3d 758, 761 n.4 (3d Cir. 2003)). In this case, as in Horn I and Horn II, Plaintiff has not challenged the adequacy of his notice of the forfeiture proceedings. Thus, the Court does not have subject matter jurisdiction over the claims in this matter.

Plaintiff seeks to invoke the Court's equity jurisdiction. Such jurisdiction is appropriate only "in exceptional cases where equity demands intervention." In re Sixty Seven Thousand Four Hundred Seventy Dollars, 901 F.2d 1540, 1545 (11th Cir. 1990); see also McGlory, 202 F.3d at 670 (noting that district courts normally lack jurisdiction to review the DEA's

5

administrative forfeiture proceedings, but that "[s]ome courts have found equity jurisdiction appropriate to review a [plaintiff's] challenge to the sufficiency of notice on the theory that a [plaintiff] who received inadequate notice lacked an adequate remedy at law"). However, "[i]t is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the [plaintiff] elected to forego the procedures for pursuing an adequate remedy at law." Mesa Valderrama v. United States, 417 F.3d 1189, 1197 (11th Cir. 2005) (quoting In re Sixty Seven Thousand Four Hundred Seventy Dollars, 901 F.2d at 1545). In this case, the Government has offered unrefuted evidence that Plaintiff received notice of the DEA's administrative forfeiture proceedings, but chose not to pursue the administrative or judicial remedies available to him. Accordingly, since those proceedings provided him with a sufficient legal basis to contest the forfeiture, Plaintiff is not entitled to equitable relief. See Mesa, 417 F.3d at 1197.[2]

**IV. CONCLUSION**

For the aforementioned reasons, the Government's Motion for Summary Judgment will be granted. An appropriate order follows.

---

[2]    Since the Court finds that it would be inappropriate to exercise equitable jurisdiction in this case, it does not reach the issue of whether Plaintiff's claims are precluded by the decisions in Horn I and Horn II.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REID HORN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 07-1220** |
| | : | |
| **U.S. DEPARTMENT OF JUSTICE** | : | |
| **DRUG ENFORCEMENT** | : | |
| **ADMINISTRATION** | : | |

**ORDER**

    **AND NOW**, this  19th  day of September, 2007, upon consideration of the

Government's uncontested Motion for Summary Judgment (docket no. 24), and for the reasons

stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.  It is

**FURTHER ORDERED** that the Clerk shall enter Judgment for the Government and mark this

case **CLOSED**.

 

                         **BY THE COURT:**

 

                         **/s/ Bruce W. Kauffman**
                         **BRUCE W. KAUFFMAN,  J.**